```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

_____
                                   :
BRIAN HAMILTON,                    :
                                   :
          Petitioner,              :    Civ. No. 15-3871 (NLH)
                                   :
     v.                            :    OPINION
                                   :
CAMDEN COUNTY CORRECTIONAL         :
     FACILTY, et al.,              :
                                   :
          Respondents.             :
_____:

APPEARANCES:
Brian Hamilton, #4304162
Camden County Correctional Facility
P.O. Box 90431
330 Federal St.
Camden, NJ 08101
     Petitioner Pro se

HILLMAN, District Judge

　　Petitioner Brian Hamilton, a state prisoner confined at the Camden County Correctional Facility in Camden, New Jersey, files this writ of habeas corpus challenging the constitutionality of his arrest and detention.

## I.   BACKGROUND

　　This case was previously administratively terminated due to Petitioner's failure to prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), or to submit an application for leave to proceed in forma pauperis pursuant to Local Civil Rule 81.2(b). (ECF No. 2, 3).

Pursuant to the terms of the Court's Order administratively terminating the case (ECF No. 3), Petitioner filed a letter request to reopen the case and submitted a new in forma pauperis application on the Court-provided forms (ECF No. 4). Thereafter, Petitioner filed a "Memorandum" (ECF No. 5); an Exhibit to the Memorandum (ECF No. 6); a Letter regarding the Memorandum (ECF No. 7); and two letters inquiring as to why his case had been previously closed (ECF Nos. 8, 9). The Court will address each submission below.

## II.  THE INITIAL PETITION

After receiving Petitioner's request to reopen and renewed in forma pauperis application (ECF No. 4), the case was reopened for review by a judicial officer. A closer review of the initial Petition (ECF No. 1) reveals that Petitioner did not specifically state the grounds or authority under which he filed the instant habeas petition. Nevertheless, the Court does not construe this filing as a general writ of mandamus pursuant to 28 U.S.C. § 1361. In any event, because Petitioner asks this Court to dismiss all state complaints and indictments against him (Pet. 20, ECF No. 1), he would not be entitled to relief he seeks on this basis. See In re Stitt, 598 F. App'x 810, 811 (3d Cir. 2015) (explaining that district courts lack authority to direct state court to perform its duty) (citations omitted); see also In re Diet Drugs Products Liab. Litig., 418 F.3d 372, 378

2

(3d Cir. 2005) (holding that a writ of mandamus is a drastic remedy available only in extraordinary circumstances).

This Court also notes that the petition was not submitted using the appropriate federal court-provided forms. Rather, the forms used by Petitioner appear to be intended for use in New Jersey state court and bear the caption "Superior Court of New Jersey Camden County." (Pet. 5, ECF No. 1). Additionally, it is unclear from the Petition whether Petitioner has been convicted or whether he remains a pretrial detainee.

However, Petitioner recently filed a separate federal habeas petition pursuant to 28 U.S.C. § 2241. See Hamilton v. Owens, No. 15-5517 (NLH). The petition in that case is submitted on the appropriate forms for a petition filed pursuant to § 2241 and Petitioner certifies that he is, in fact, a pretrial detainee.

Jurisdiction to issue a writ of habeas corpus at the pretrial stage — before a judgment of conviction is rendered in a state criminal proceeding — lies under 28 U.S.C. § 2241(c)(3). See Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Moore v. DeYoung, 515 F.2d 437, 442, 443 (3d Cir. 1975); see also Burns v. Taylor, No. 09-5072, 2009 WL 3242128, at *2 (D.N.J. Oct. 7, 2009). Thus, this Court must assume that

the Petition in this case, Civ. No. 15-3871, was also filed under § 2241.[1]

To the extent Petitioner intended to file the instant Petition pursuant to § 2241, the Court notes that the Petition was not submitted using the habeas form supplied by the Clerk for section 2241 petitions. See AO 242 Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (12/11). Local Civil Rule 81.2(a) requires use of the Court's form unless the petition is prepared by counsel. Here, Petitioner filed the petition pro se and failed to utilize the Court-provided forms.

Moreover, the Petition in this case fails to substantially follow the content of the form supplied by the Clerk and, as such, does not comport with Rule 2 of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules. Significantly, the Petition does not indicate whether Petitioner has exhausted his state remedies with respect to his claims.[2]

---

[1] The Court notes that its June 12, 2015 Order (ECF No. 3) incorrectly referred to the instant petition as one filed pursuant to 28 U.S.C. § 2254, as opposed to § 2241. Nevertheless, the filing fee for a petition for a writ of habeas corpus under either statute is the same; therefore, the analysis in the Court's June 12, 2015 Opinion (ECF No. 2) does not change and the case was properly administratively terminated for failure to satisfy the filing fee requirement.

[2] Although Petitioner indicates that his Petition is "a copy of a brief that [he] filed with the Camden County Law Division/Crim. Part[,]" he has not clearly explained his efforts to exhaust his

4

The Third Circuit has held that, absent extraordinary circumstances, a district court should not exercise its habeas jurisdiction or grant habeas relief to a state prisoner at the pretrial stage unless the petitioner has made a special showing of the need for such adjudication and has exhausted state remedies. See Moore v. De Young, 515 F.2d at 443; Duran v. Thomas, 393 F. App'x 3, 4 (3d Cir. 2010). Thus, requiring Petitioner to resubmit his Petition on Court-provided forms will assist him, and the Court, in determining the appropriateness of a petition under § 2241. See Habeas Rule 2, advisory committee's note ("The form is particularly helpful in getting information about whether there has been an exhaustion of state remedies[.]").

Accordingly, the Court will administratively terminate the instant Petition without assessing a filing fee. Petitioner is informed that administrative termination is not a "dismissal" for purposes of the statute of limitations, and that if the case is reopened, it is not subject to the statute of limitations time bar if it was originally filed timely, see Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275 (2013) (distinguishing administrative terminations from dismissals);

---

state remedies prior to filing the instant petition. (Pet. 1, ECF No. 1).

Jenkins v. Superintendent of Laurel Highlands, 705 F.3d 80, 84 n.2 (2013) (describing prisoner mailbox rule generally); Dasilva v. Sheriff's Dep't., 413 F. App'x 498, 502 (3rd Cir. 2011) (per curiam) ("[The] statute of limitations is met when a [petition] is submitted to the clerk before the statute runs . . .").

Petitioner will be permitted to file a written request to reopen this case, provided he also submits a complete, signed habeas petition on the appropriate form.

Petitioner is also reminded that the habeas statute provides relief for a petitioner held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3).  As a corollary, the United States Supreme Court has held that federal courts cannot grant habeas relief based on violations of state law. Estelle v. McGuire, 502 U.S. 62, 67–68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991).  Rather, in evaluating the alleged grounds for relief in a habeas corpus petition, the court is limited to federal bases for relief. Id. at 68.

Among other things, Habeas Rule 2 of the Rules Governing Section 2254 Cases requires a petitioner to specify all grounds for relief and to state the facts supporting each ground in the petition. See Rule 2(c)(1), (2) of the Rules Governing Section 2254 Cases, (amended Dec. 1, 2004), made applicable to § 2241 petitions through Rule 1(b) of the Habeas Rules.  Thus, in the

event he chooses to resubmit his Petition, Petitioner should be mindful that claims based solely on state law are not cognizable in federal habeas review. Id.

### III. THE IN FORMA PAUPERIS APPLICATION

The Court has reviewed Petitioner's in forma pauperis application (ECF No. 4), and is inclined to grant same. However, because the Petition will be administratively terminated for the reasons discussed above, the Court declines to rule on the sufficiency of the application at this time. In the event Petitioner requests that his case be reopened and refiles his Petition on the Court-provided forms, his request to proceed in forma pauperis will be addressed at that time.

### IV.   MEMORANDUM FILINGS

Petitioner's "Memorandum" (ECF No. 5), the Exhibit to the Memorandum (ECF No. 6) and the Letter regarding the Memorandum (ECF No. 7), all appear to be supplemental — if not repetitive — filings to the initial Petition (ECF No. 1). Petitioner is advised that, in the event he chooses to refile his Petition on the appropriate forms, he must include with that submission all claims and arguments that he wishes the Court to consider in his § 2241 petition.

### V.   LETTERS FROM PETITIONER

Finally, the Court responds to Petitioner's letters inquiring as to why his case was closed (ECF Nos. 8, 9). As

explained in the Court's June 12, 2015 Opinion and Order (ECF Nos. 2, 3), the instant habeas petition was administratively terminated due to Petitioner's failure to either pay the filing fee or submit a complete in forma pauperis application.  It appears that Petitioner understood his case was closed because he filed a request to reopen his case dated June 18, 2015 (ECF No. 4).  The Court received this request on or about June 26, 2015 and the case was reopened for review by a judicial officer on July 6, 2015.

The Court has now had the opportunity to conduct such a review and, for the reasons set forth above, the case will be administratively terminated again for failure to submit the petition on the appropriate forms.

## VI.  CONCLUSION

For the reasons set forth above, this case will be administratively terminated.[3]  Petitioner will be permitted to

---

[3] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc. Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a district court retains jurisdiction over, and can re-open, administratively closed cases).

file a written request to reopen this case provided he also submits a complete habeas petition on the appropriate form.

An appropriate Order will follow.

                                                ____s/ Noel L. Hillman_____
                                                NOEL L. HILLMAN
                                                United States District Judge

Dated: July 30, 2015

At Camden, New Jersey

9